**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Western Division (at Cincinnati)**

| | |
|---|---|
| DAN HILS<br>c/o Zachary Gottesman<br>404 East 12th Street, First Floor<br>Cincinnati, Ohio 45202 | :<br>:<br>: |
| And | : |
| CHARLES KNAPP<br>c/o Zachary Gottesman<br>404 East 12th Street, First Floor<br>Cincinnati, Ohio 45202 | :<br>:<br>: |
| And | : |
| KEN BYRNE<br>c/o Zachary Gottesman<br>404 East 12th Street, First Floor<br>Cincinnati, Ohio 45202 | :<br>:<br>: |
| And | : |
| ADARRYL BURCH<br>c/o Zachary Gottesman<br>404 East 12th Street, First Floor<br>Cincinnati, Ohio 45202 | :<br>:<br>: |
| Plaintiffs | : |
| v. | : |
| GABRIEL DAVIS<br>*In his official capacity as Director, City of Cincinnati Citizen Complaint Authority and in an individual capacity*<br>805 Central Avenue, Suite 222<br>Cincinnati, Ohio 45202 | :<br>:<br>: |
| And | : |
| IKECHUKWU EKEKE<br>*In his official capacity as Investigator, City of Cincinnati Citizen Complaint Authority and in an individual capacity* | :<br>: |

805 Central Avenue, Suite 222
Cincinnati, Ohio 45202                                :

And                                                   :

CITY OF CINCINNATI                                    :
c/o Andrew W. Garth, Acting City Solicitor
801 Plum St., Suite 214                               :
Cincinnati, OH 45202
                                                      :
    Defendants

# PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, by and through Counsel, and for their Complaint state as follows:

## INTRODUCTION

1. As Justice Brandeis once remarked, sunlight is the best disinfectant. *Buckley v. Valeo*, 424 U.S. 1, 67 (1976) (*quoting* L. Brandeis, Other People's Money 62 (Nat'l Home Library Found. ed. 1933) ("Publicity is justly commended as a remedy for social and industrial diseases. Sunlight is said to be the best of disinfectants; electric light the most efficient policeman.")). This case involves a desire for sunlight – specifically, a desire by the Plaintiffs in this matter for complete and open transparency concerning policing in the City of Cincinnati – a desire to record, for posterity, possibly defensively, and possibly for release to conventional and non-conventional media, the full and complete record of police interviews with the Cincinnati Citizen Complaint Authority – and efforts by Defendants to squelch that very transparency and to prohibit such recordings. These efforts violate the United States Constitution.

## PARTIES

2. Plaintiff, Dan Hils, is and at all times relevant hereto has been a resident of the State of Ohio and Hamilton County, Ohio, and has been duly employed by the City of Cincinnati

as a police sergeant. He is also the elected President of FOP Lodge 69, and, in that capacity, systemically and routinely represents officers in interactions with the City, including without limitation, all of the matters contained herein.

3. Plaintiff Charles Knapp, is and at all times relevant hereto has been a resident of the State of Ohio and City of Cincinnati, and has been duly employed by the City of Cincinnati as a police officer, and is assigned to the Crime Gun Intelligence Unit. He was recently the subject of a citizen complaint before the City of Cincinnati Citizen Complaint Authority ("CCA").

4. Plaintiff Ken Byrne, is and at all times relevant hereto has been a resident of the State of Ohio and City of Cincinnati, and has been duly employed by the City of Cincinnati as a police officer, and is assigned to District 5, third shift. He was recently the subject of a citizen complaint before the City of Cincinnati Citizen Complaint Authority ("CCA").

5. Plaintiff Adarryl Burch, is and at all times relevant hereto has been a resident of the State of Ohio and City of Cincinnati, and has been duly employed by the City of Cincinnati as a police officer, and is assigned to District 5, third shift. He was recently the subject of a citizen complaint before the City of Cincinnati Citizen Complaint Authority ("CCA").

6. Defendant, the City of Cincinnati, is a duly chartered municipality and city, within the State of Ohio, and, in that capacity, maintains a police department.

7. Defendant Ikechukwu Ekeke is an investigator with the CCA.

8. Defendant Gabriel Davis is the Director of the City of Cincinnati CCA.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction over the claims and causes of action asserted by Plaintiffs in this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

10. Venue in this District and division is proper pursuant to 28 U.S.C. §1391 and other applicable law, because much of the deprivations of Plaintiff's Constitutional Rights occurred in counties within this District within Ohio, and future deprivations of their Constitutional Rights are threatened and likely to occur in this District.

## BACKGROUND TO THE CCA

11. Under Article XXVII of the City of Cincinnati Municipal Code, Section 1, the CCA's mission "will be to investigate serious interventions by police officers, including but not limited to shots fired, deaths in custody and major uses of force, and to review and resolve all citizen complaints in a fair and efficient manner." Under Section 2 of that Article, "[a]s a condition of employment, all police officers and city employees are required to provide truthful and accurate information to the CCA." Under Section 3-B of that Article, "[p]olice officers and other city employees will be required to submit to administrative questions consistent with existing constitutional and statutory law." Section 3-F of the Article provides that files for retention "shall include tape-recorded interviews of officers, complainants and witnesses."

12. The CCA, originally intended to create transparency and accountability, has instead, through its operations, had an adverse effect on policing and safety of the community. Its non-professional, untrained, layperson second guessing has resulted in reactive-only

policing, increasing the City's murder rate to record high levels, as well other personal and property crimes to astonishing levels.

## FACTS CONCERNING THESE CLAIMS

13. Starting a few weeks ago, Plaintiff Hils had occasion to deal with an interview conducted by Defendant Ekeke, where, even though the typical policy should be to record the entirety of an officers' interview with the CCA, Ekeke utilized a selective recording technique, whereby he turned off the CCA recording device at various times, creating a deceptive and inaccurate record of the matter, including, without limitation, omitting material exculpatory statements made by the officer.

14. In addition, a few days ago, Defendant Ekeke intimidated and threatened another officer prior to the interview and recording of the interview, to attempt to obtain misleading statements by the officer, all creating a deceptive and inaccurate record of the matter.

15. As a consequence, over the last few days, Plaintiff Hils began to take precautionary measures in interviews with the CCA, namely to record the entirety of the interview themselves, from the time the officer appeared. Plaintiff Hils has recorded, and intends to record in the future, interviews with the CCA based on a desire for complete and open transparency concerning policing in the City of Cincinnati – a desire to record, for posterity, possibly defensively, and possibly for release to conventional and non-conventional media.

16. When Plaintiff Hils has attempted to record the interviews, Defendants Ekeke and Davis, or investigators acting on the directives of Defendant Davis, have terminated the interviews, and, in turn, threatened the officers involved with disciplinary and other measures for recording the interviews. Defendants Davis, Ekeke, and other investigators

have threatened officers the subject of investigations that are attempted to be recorded by Plaintiff Hils.

17. On July 14, 2021, the CCA conducted an interview with Plaintiff Charles Knapp, with Plaintiff Hils representing him. When Hils began recording that interview, the investigator informed Knapp that they would not conduct the interview with Hils recording, suggested Knapp find another representative who would not record the interview suggested negative consequences would flow to Knapp if the interview was recorded, and, when Knapp refused, terminated the interview. Knapp refused to be interviewed unless the interview was recorded.

18. Defendants Davis and Ekeke, in turn, created a policy July 15, 2021, regarding recording by officers or their representatives at CCA matters, to threaten and retaliate against officers who had Plaintiff Hils represent them in CCA matters because of his insistence on recording interviews with the CCA to prevent or at least preserve the existence of either deceptive and/or threatening tactics directed towards officers. A true and accurate copy of that policy is **Exhibit A**.

19. On July 15, 2021, the CCA conducted two interviews, one with Plaintiff Ken Byrne and the second with Adarryl Burch, with Plaintiff Hils representing each of them. When Hils began recording each of those interviews, the investigator followed the script contained in **Exhibit A**, and enforced that policy against Hils, Burch and Byrne, including the threats contained in the **Exhibit A** policy.

20. Defendants Davis and Ekeke have been, and continue to enforce their retaliatory, vindictive, and unconstitutional no-recording policy for the past week against these complaining Plaintiffs, and have indicated that they will continue to do so in the future.

21. The foregoing no recording policy constitutes a official municipal policy of the Defendant City of Cincinnati, an unofficial custom of the Defendant City of Cincinnati, or because the municipality was deliberately indifferent in a failure to train or supervise the other Defendants.

**COUNT I – VIOLATION OF FIRST AMENDMENT RIGHT TO RECORD (42 USC § 1983, all Defendants)**

22. Plaintiffs reincorporate the foregoing paragraphs as if fully written herein.

23. Plaintiffs have and had an absolute First Amendment right to video and audio record the CCA interviews. *Glik v. Cuniffe*, 655 F.3d 78 (1st Cir. 2011); *Gericke v. Begin*, 753 F.3d 1 (1st Cir. 2014); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000); *Crawford v. Geier*, 131 F.Supp.3d 703, 714-715 (S.D. Ohio 2015).

24. Defendants therefore have, and continue, to violate the First Amendment rights of these Plaintiffs.

**COUNT II – FIRST AMENDMENT RETALIATION (42 USC § 1983, all Defendants)**

25. Plaintiffs reincorporate the foregoing paragraphs as if fully written herein.

26. Plaintiffs have engaged in protected conduct, namely recording, and an attempt to record interviews with the CCA.

27. Defendants have taken action against the Plaintiffs, namely (i) termination of in process CCA interviews, with a threat to complete an investigation concerning and against the officer without hearing the officers' side of the story; and (ii) a threat concerning recording of CCA interviews being deemed an "obstruction" of an investigation, which can lead to disciplinary action up to and including termination of employment.

28. There is a direct connection between the protected activity and the retaliation.

29. These rights are clearly established. *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

30. Defendants are therefore liable to Plaintiffs for damages to be determined at trial, and, further, their no recording policy constitutes ongoing First Amendment retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as prayed for, including:

A. That this Court issue the declaratory and/or injunctive relief prayed for;

B. That Plaintiffs be awarded money damages, including compensatory and punitive damages in an amount to be proven at trial;

C. That trial by jury be had on all issues so triable;

D. That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

E. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Pursuant to FRCP 38, Plaintiffs demand trial by jury on all causes so triable.

/s/ Zachary Gottesman

Respectfully submitted,

/s/Zachary Gottesman
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
404 East 12th Street, First Floor
Cincinnati, Ohio 45202
513/651-2121
zg@zgottesmanlaw.com

/s/ Christopher Wiest
Christopher Wiest (OH 0077931)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
chris@cwiestlaw.com
*Attorneys for Plaintiffs*

## Notice Regarding Recording (for use until further notice)

- At this time, I'm advising you that CCA does not permit any persons who are being interviewed or representatives of those persons to make their own recordings of witness interviews or utilize personal recording devices during the interview.
- I'm also advising you that use of such devices during a CCA interview may constitute interference with a CCA investigation or obstruction of that investigation.
- At this time, I'm asking you to cease your recording.
- Are you willing to cease your recording?
- *If No*
    - Office John Doe, if you wish to proceed with your CCA interview at this time, you must do so without Mr. Hils.
    - If you chose to proceed with Mr. Hils today, then we will end the interview at this time pending further consultation with the Law Department for the City of Cincinnati. You are advised that CCA reserves the right to complete its investigation into this matter relying solely on information obtained from other sources.
    - Do you wish to proceed without Mr. Hils?
        - *If Officer wants to proceed with Mr. Hils*
            - Given Mr. Hil's insistence on using his recording device during this interview, we will end the interview at this time pending further consultation with the Law Department for the City of Cincinnati.

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Dan Hils, declare under penalty of perjury that I have read the foregoing Verified Complaint, that I am competent to testify in this matter, that the facts contained therein are true and correct, and are based information personally known and observed by me.

Executed on 7-15-2021.

_____
Dan Hils